# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00277-SCT

*OWEN & GALLOWAY, L.L.C.*

*v.*

*SMART CORPORATION, GULF COAST*
*COMMUNITY HOSPITAL, INC. AND HANCOCK*
*MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/30/2004 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHARLES OTIS LEE |
| | JOE SAM OWEN |
| ATTORNEYS FOR APPELLEES: | MICHAEL B. WALLACE |
| | RICHARD B. TUBERTINI |
| | HOLLY TRUDELL |
| | HENRY JOHN GUTIERREZ |
| | BETH LEVINE ORLANSKY |
| | WILLIAM H. LEECH |
| | RONALD J. ARTIGUES, JR. |
| | JEANNE WILLIAMS BAXTER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 03/24/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.    The issue of standing is dispositve in the case before the Court today.    Pursuant to

M.R.C.P. 17(a) and other rationale expressed in this opinion, the plaintiff, Owen & Galloway,

L.L.C., lacked standing to file this lawsuit.    Accordingly, the trial court's grant of summary

judgment in favor of the three defendants, Smart Corporation (Smart), Gulf Coast Community

Hospital, Inc. (GCCH), and Hancock Medical Center (HMC), collectively known as the "Defendants," on the issue of standing is affirmed.

## PROCEDURAL HISTORY

¶2.	Owen & Galloway, LLC, filed a lawsuit against defendants Smart Corporation, Gulf Coast Community Hospital, Inc., and Hancock Medical Center[1] alleging that they violated Mississippi anti-trust statutes, Miss. Code Ann. §§ 75-21-1and 75-21-3, that excessive and inconsistent fees were charged by Smart with knowledge of the other two defendants which constitutes fraud, and that the contract between Smart Corporation and Hancock Medical Center violated public policy.

¶3.	Owen & Galloway sought a declaratory judgment, injunctive relief, attorney's fees, costs, actual damages in the amount of $10 million, and punitive damages in the amount of $15 million. All the Defendants answered the complaint and filed various motions to dismiss, motions for summary judgment, supplemental motions for summary judgment, and alternative motions for summary judgment. Owen & Galloway responded by filing a cross-motion for summary judgment.

¶4.	The trial court entered an order and judgment granting the motions for summary judgment for all three defendants and denying the Owen & Galloway's cross-motion for summary judgment. The trial court found that since "as a matter of law, [Owen & Galloway] had no independent right to purchase medical records of its clients[.]" Owen & Galloway was not the real party in interest and thus lacked standing to bring this suit. While the trial court stated that the lack of standing was enough to dismiss the action altogether, the trial court

---

[1] Each Defendant filed a separate brief for a total of three briefs.

2

nevertheless analyzed the Owen & Galloway's three claims and found that Owen & Galloway failed to present sufficient evidence to proceed on any of the three claims.

¶5.     Following the trial court ruling, Owen & Galloway filed its notice of appeal.

## FACTS

¶6.     The plaintiff, Owen & Galloway, is a law firm engaged in the practice of law in Gulfport, Mississippi.     Two defendants, Gulf Coast Community Hospital, Inc. and Hancock Medical Center, are hospitals from whom Owen & Galloway requested medical records on behalf of its clients, both actual and potential.     The third defendant, Smart Corporation, is the corporation that contracted with the hospitals to provide medical record copying services.

¶7.     Each hospital contracted, independent of one another, with Smart Corporation to handle all requests for copies of patient medical records.   Smart Corporation was responsible for the billing of its medical record copying services.   Smart Corporation's charges to Owen & Galloway for copying patient medical records ranged from $0-20 dollars for a basic service fee, $0-1.50 for per page copy charges, $0-10 dollars for a retrieval fee, and shipping and handling charges that do not reflect actual postage associated with delivery.   Because of these variations in charges, Owen & Galloway filed this lawsuit alleging:

>   1) that all three Defendants violated Mississippi anti-trust statutes (Miss. Code Ann. § 75-21-1 and75-21-3),
>   2) that excessive and inconsistent fees were charged by Smart with knowledge of the other two defendants which constitutes fraud, and
>   3) that the contract between Smart Corporation and Hancock Medical Center violates public policy.

¶8. The trial court granted each Defendants motion for summary judgment to dismiss. Following the trial court ruling, Owen & Galloway appealed to this Court raising the following issues:

> **I. Whether the trial court erred in finding that Owen & Galloway did not have standing to assert the claims presented in the complaint.**

> **II. Whether the trial court's decision to grant summary judgment in favor of the Defendants was improper.**

## DISCUSSION

¶9. This Court reviews motions for summary judgment de novo. ***Brooks v. Roberts,*** 882 So.2d 229, 231-32 (Miss. 2004) (citing ***Bowie v. Montfort Jones Mem'l Hosp.,*** 861 So.2d 1037, 1040 (Miss. 2003)). All evidence is to be viewed in the light most favorable to the nonmoving party. ***Id.*** at 232. The decision of the trial court will only be reversed if "there are indeed triable issues of fact." ***Id.***

**Standing.**

¶10. We find that the issue of standing is dispositive of the case. Therefore, the other issues briefed by the parties will not be addressed by this Court.

¶11. The trial court granted the motion for summary judgment for the three Defendants and denied Owen & Galloway's cross-motion for summary judgment. The trial court acknowledged all the arguments by the parties and discussed each issue in his opinion. However, the trial court determined that the issue of standing alone was enough to grant dismissal in favor of the Defendants. The trial court ruled:

4

> The Court finds persuasive the Defendants' argument that [Owen & Galloway] lacks standing to assert the claims presented. As a matter of law, O&G had no independent right to purchase medical records of this clients; **its only right to purchase such records was in its capacity as agent for those clients**. See, *Restatement (Second) of Agency § § 320 and 292*, see also ***Pratt v. SmartCorp.***, 968 S.W. 2d 868, 873 (Tenn. App. 1998)(finding that an attorney obtaining records from Smart acted on behalf of the client as disclosed principal and was not a party to the transaction). Thus, the real party (or parties) in interest in this case are the patient/clients, not [Owen & Galloway]. See, Miss. R. Civ. P. 17(a); Jeffery Jackson, 1 *Mississippi Civil Procedure*, § 6.2 (West 2001). **The Court is of the opinion that [Owen & Galloway's] lack of standing, alone, is sufficient to warrant dismissal of this action**, but there is additional support for alternatively granting summary judgment.

(emphasis added).

¶12.    By statute, hospitals are required to provide reasonable access to hospital records "upon payment of any reasonable charge for such service." Miss. Code Ann. § 41-9-65. Violation of this statute results in no civil liability to "hospital, its officers, employees... for violation of said sections *except to the extent of liability for actual damages* in a civil action for willful or reckless and wanton acts or omissions constituting such violation." Miss. Code Ann. § 41-9-83 (emphasis added).

¶13.    Owen & Galloway argues that it has standing and it is the real party in interest. It argues that the firm is the direct purchaser of the medical records from Smart. The medical records are necessary to every case in order to assess if there is a medical malpractice claim, even if the firm ultimately does not take the case.

¶14.    In addition, Owen & Galloway contends that a Smart representative admitted that the company charged extra retrieval fees to the firm for medical record requests and invoiced the firm with the expectation that the firm was solely responsible for paying the charges.    The

5

deposition testimony of Glenn Leroy Andrews (Andrews), a Smart employee designated as the

M.R.C.P. 30(b)(6) representative for Smart, stated in part the following:

> Q. Smart Corporation doesn't deny that it charges attorney request an extra fee that it doesn't necessarily charges individuals, does it?
>
> A. It seems that in this instance, we charge attorney and insurance companies where we don't patients.

Andrews further stated:

> Q. If you invoice a law firm or an attorney, though, you are expecting them to pay that invoice?
>
> A. Correct.
>
> Q. And no one else?
>
> A. Correct.
>
> Q. And if they don't pay it, you're looking back to that attorney or law firm to either pay that invoice or suffer the consequences, whatever they may be under the terms of the invoice.
>
> A. Correct.

¶15. Finally, Owen & Galloway cites to the contract language in the agreement of services between Smart and GCCH and Smart and HMC. The language in both agreements indicated that Smart would charge an additional retrieval fee for attorney and insurance company requests in the amount of $10 and $5, respectively. Therefore, based on the deposition testimony and the contract language, Owen & Galloway contends that it has standing to sue in this action and the trial court erred by granting summary judgment to the three Defendants on the issue of standing.

¶16. The Defendants argue that an attorney that obtains medical records on behalf of a client from Smart is merely the agent of a disclosed principal and not a party to the transaction. *Pratt v. Smart Corp.*, 968 S.W.2d 868, 873 (Tenn. Ct. App. 1998). Therefore, the Defendants argue that Owen & Galloway had no independent right to purchase a client's medical record because

6

the records did not belong to the firm. Furthermore, the firm had to pass the costs on to the client. According to the Defendants, Owen & Galloway was acting in the capacity of an agent for the patients/clients.

¶17. The Defendants also contend that pursuant to M.R.C.P. 17(a) every action must be brought in the name of the real party in interest. Generally the Defendants rely upon the rule that an agent of a disclosed principal is not a party to a contract that the agent enters into on behalf of a principal. *See* Restatement (Second) of Agency § 320 (1958).

¶18. Reviewing the statutes, the Defendants also maintain that a patient has a right to obtain his or her medical records and any right to access these records are derived from the patient. Therefore, the Defendants argue that the patient is the sole person that has standing to object to the method used to provide access to the records.

¶19. Miss. Code Ann. § 41-9-65 states:

> Hospital records are and shall remain the property of the various hospitals, subject however to reasonable access to the information contained there upon good cause shown by *the patient, his personal representatives or heirs, his attending medical personnel and his **duly authorized nominees***, and upon payment of any reasonable charges for such services.

Miss. Code Ann. § 41-9-65 (emphasis added). Based on the statute the Defendants argue that the right to receive medical records belongs to the *patient*. Owen & Galloway was an *authorized nominee* of its clients who is entitled to receive copies of the medical records but only because the firm's rights arose from the patient. Therefore, the Defendants argue that only patients have standing to object to the method used to provide access to their medical records.

7

¶20.   The trial court found that Owen & Galloway was acting as an agent for its clients.   As such, the firm had no right to independently purchase the medical records.   The only right that Owen & Galloway had to purchase the records was as an agent to its clients.   The trial court relied in part upon the Tennessee Court of Appeals case of *Pratt v. Smart Corp*., 968 S.W.2d 868 (Tenn. Ct. App. 1998).   In addition, the trial court determined that the patients/clients were the real parties in interest in the case, not Owen & Galloway,   pursuant to M.R.C.P. 17(a). Therefore, the trial court found that Owen & Galloway lacked standing to sue the Defendants in its own right.

¶21.   In *Pratt*, a patient sued Smart to recover a portion of payments made to the company for copying services.   *Pratt*, 968 S.W.2d at 869.   While *Pratt* is not a Mississippi case, and thus has no binding precedent on this Court, the case is helpful in the analysis.[2]   In *Pratt*, the court stated:

> The attorney would not be entitled to the records in the absence of a written authorization from Pratt.   Thus, Smart knew it was dealing with an agent for a disclosed principal.  This was a transaction between Pratt and Smart.

*Pratt*, 968 S.W.2d at 873 n.4.  The court in *Pratt* suggests that an attorney is, therefore, merely an agent for his or her client that seeks to obtain a copy of his or her medical records and nothing more.   Without the authorization from a patient/client, an attorney or law firm would have no independent right to request a person's medical records.   Further, the transaction involved is only between the patient and Smart.

---

[2] The issue of standing was not addressed in *Pratt* and is distinguishable from the case sub judice because Pratt was the patient that was charged extra fees and named as the party in interest in the lawsuit.   Owen & Galloway, on the other hand, is a law firm handling medical malpractice claims for clients and filed its lawsuit against the Defendants in its own name.

¶22.    M.R.C.P. 17(a) states:

> (a) Real Party in Interest. **Every action shall be prosecuted in the name of the real party in interest**. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(emphasis added).   The rule requires that only parties in interest may sue.   The right to obtain medical records belonged to the patient/client and not to the law firm handling any potential legal claim for the client.   Therefore, the trial court was correct in finding that Owen & Galloway lacked standing in this case.   No patient was named in the lawsuit as a party in interest, but rather, Owen & Galloway was solely named as the party in interest.   The patient, not an attorney or law firm, has standing to seek his or her personal medical records.   The only right to obtain a client's medical records arises out of the client's right to seek his or her own records, and an attorney or firm otherwise has no independent right to obtain copies of medical records.

¶23.    The issue of standing is dispositive.   Here, Owen & Galloway did not, in its own right, have standing to sue the Defendants.   The right to receive medical records belonged to the patient/client and not to the law firm.   Therefore, the trial court did not err by granting the Defendants' motions for summary judgment and denying Owen & Galloway's cross-motion for summary judgment.   We find that this case should be affirmed on the issue of standing.

## CONCLUSION

¶24. The issue of standing is dispositive in this case, and no other issues need to be addressed by this Court. The trial court did not err by granting the Defendants' summary judgment motions on the issue of standing and denying Owen & Galloway's cross-motion for summary judgment. The patients/clients only had standing to object to any fees associated with retrieval of medical records. Owen & Galloway was acting as an agent of its clients, and its right to access the medical records only arose out of its clients' right to obtain their personal medical records. Owen & Galloway had no independent right vested in the law firm to access medical records. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Defendants based on Owen & Galloway's lack of standing .

¶25. **AFFIRMED.**

**SMITH, C.J., CARLSON AND GRAVES, JJ., CONCUR. WALLER AND COBB, P.JJ., CONCUR IN RESULT ONLY. DIAZ, DICKINSON AND RANDOLPH, JJ., NOT PARTICIPATING.**